# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASANDRA SHENIGO<br>1935 Longview Drive<br>Lancaster, PA 17601<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMPLEAT RESTORATIONS<br>702 Pointview Avenue<br>Ephrata, PA 17522 | CIVIL ACTION NO:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Casandra Shenigo (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complain as follows against Defendant Compleat Restorations (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of The Americans with Disabilities Act (hereinafter "ADA"), the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). Defendant discriminated against, and fired Plaintiff because of a disability and/or her pregnancy and/or because she required a leave of absence under the FMLA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA, 42 U.S.C. § 12101, and Title VII.

14

3. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies requires as a prerequisite prior to the filing of his instant ADA and Title VII claims.

7. Plaintiff had received a Right to Sue and dismissal from the EEOC on August 3, 2023, allowing her to file this instant action.

## PARTIES

8. The foregoing paragraphs are incorporated herein as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the caption.

10. Defendant is an entity that operates a public transportation system throughout the state of Pennsylvania.

11. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. In or around September 30, 2021, Defendant hired Plaintiff as a Human Resources and Finance Manager.

14. During her interview for the Human Resources and Finance position Plaintiff disclosed to Defendant's Chief Operations Officer Michael McCall, Assistant HR/Finance Manager Alyshia Riddick, and incumbent HR/Finance Manager Kim Jenkins, that she suffered from Rheumatoid Arthritis, and by extension a compromised immune system (hereinafter Plaintiff's "Disability").

15. Plaintiff was pregnant when Defendant hired her and was due to deliver in mid-March 2022.

16. On or around October 5, 2021, several of Defendant's employees tested positive for COVID-19.

17. On or around October 7, 2021, Plaintiff also test positive for COVID-19.

18. Plaintiff notified COO McCall that she had become infected with COVID-19.

19. The symptoms and side effects of Plaintiff's COVID-19 infection were further worsened due to Plaintiff's Disability.

20. At the time of her infection, the guidelines of the Center for Disease Control (hereinafter "CDC") directed that individuals who are "moderately or severely immunocompromised" quarantine for a period of at least twenty (20) days.

21. Accordingly, Plaintiff's doctor required that she quarantine for 20 days to fully recover from same.

22. Plaintiff immediately notified COO McCall of her need for extended quarantine due to her COVID-19 infection and its interaction with Disability.

23. Coo McCall was displeased by Plaintiff's request. Nonetheless, she directed Plaintiff to work from home during her quarantine period.

24. Plaintiff thereafter continued to work for Defendant from home during her quarantine period.

25. On or around November 3, 2021, Plaintiff's doctor informed Plaintiff that her pregnancy was high risk, and that as a result, she would need to be induced no later than February 28, 2022.

26. The following day, Plaintiff advised COO McCall that she was pregnant, that her pregnancy was high risk, and that she would be induced to give birth on or before February 28, 2022.

27. When Plaintiff told COO McCall of her need to deliver her child sooner than expected COO McCall shook his head in disapproval and said, "Wow, that's soon".

28. The following day, on or around November 5, 2021, COO McCall fired Plaintiff.

29. COO McCall advised Plaintiff that Defendant was terminating her "lack of performance," asserting she had failed to complete all tasks assigned.

30. When Plaintiff demonstrated that she had continued to perform her job duties from home while in quarantine, COO McCall changed the reason he was firing Plaintiff, claiming it was due to Plaintiff's "negativity".

31. Defendant's stated reason for termination was a pretext for discrimination.

32. In fact, Defendant fired Plaintiff because she sought an accommodation for her Disability, because of her pregnancy, and/or because she sought a leave of absence to give birth and recover from same.

33. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
## Violations of the Americans with Disabilities Act ("ADA")
(Disability Discrimination)

36. The foregoing facts are incorporated herein as if set forth in their entirety.

37. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

38. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

39. Plaintiff's Rheumatoid Arthritis constituted a "Disability" within the meaning of the ADA.

40. Plaintiff's high-risk pregnancy constituted a "Disability" within the meaning of the ADA.

41. Defendant fired Plaintiff because she suffered from the above referenced Disabilities.

42. Defendant's actions constitute violations of the ADA.

43. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
## Violation of the ADA
(Failure to Accommodate)

44. The foregoing paragraphs are incorporated herein as if set forth in full.

14

45. Plaintiff requested a reasonable accommodation from Defendant in the form of a working remotely during the period of time she was required to quarantine due to the interaction between her COVID-19 infection and her Disabilities.

46. Plaintiff requested a reasonable accommodation from Defendant in the form of an accelerated maternity leave schedule due to a Disability related to her pregnancy.

47. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

48. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT III
## Violation of the ADA
### (Failure to Engage in the Interactive Process)

49. The foregoing paragraphs are incorporated herein as if set forth in full

50. Plaintiff requested a reasonable accommodation due to her disabilities in the form of being allowed to work remotely and/or maternity leave.

51. Defendant denied Plaintiff's request for accommodation, and failed to engage in the interactive process as to alternative accommodations that would allow Plaintiff to continue working.

52. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT IV
## Violation of the ADA
### (Retaliation)

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. Plaintiff utilized a reasonable accommodation for her Disability in the form of working from home while recovering from symptoms related to her Disabilities, as aggravated by her COVID-19 infection.

55. Requesting and utilizing an accommodation for a disability is a protected activity under the ADA.

56. Defendant fired Plaintiff because Plaintiff utilized the aforementioned accommodations.

57. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT V
## Violations of Tile VII of the Civil Rights Act of 1964 ("Title VII")
**(Discrimination on the basis of pregnancy)**

58. The foregoing facts are incorporated herein as if set forth in full.

59. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

60. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

61. Title VII prohibits an employer from discriminating against an employee on the basis of sex.

62. Discrimination against women because of pregnancy constitutes sex discrimination under Title VII.

63. Defendant violated Plaintiff's rights under Title VII by refusing to provide her with an accommodation due to her Pregnancy Disability.

64. Defendant violated Plaintiff's rights under Title VII by firing her to prevent her from taking a maternity leave of absence.

65. Defendant violated Plaintiff's rights under Title VII by firing Plaintiff because she was pregnant.

66. Defendant's aforementioned conduct is in violation of Title VII and has caused Plaintiff to suffer damages.

## COUNT VI
### Violations of the Pennsylvania Human Relations Act ("PHRA")
**(Disability Discrimination)**

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. At all times relevant herein, Defendant is and continues to be "employers" within the meaning of the PHRA.

69. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

70. Plaintiff's Medical Conditions constituted a "disability" within the meaning of the PHRA.

71. Defendant discriminated against Plaintiff due to her Disability.

72. Defendant discriminated against Plaintiff due to her Pregnancy.

73. Defendant fired Plaintiff in part, due to her Disability.

74. Defendant's actions constitute violations of the PHRA.

75. As a result, Plaintiff has suffered damages.

## COUNT VII
### Violations of the PHRA
**(Failure to Accommodate)**

76. The foregoing paragraphs are incorporated herein as if set forth in full.

14

77. Plaintiff requested a reasonable accommodation from Defendant in the form of a medical leave of absence to quarantine for an extended time after becoming infected with COVID-19, due to her Disabilities the COVID-19 virus aggravating the symptoms related to Plaintiff's Disabilities.

78. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

79. Defendant's aforementioned conduct is in violation of the PDPEA and has caused Plaintiff to suffer damages.

## COUNT VIII
### Violations of the PHRA
### (Retaliation)

80. The foregoing paragraphs are incorporated herein as if set forth in full.

81. Plaintiff requested a reasonable accommodation due to her disabilities in the form of a medical leaves of absence and/or maternity leave.

82. Requesting and utilizing accommodations for a disability is a protected activity under the PHRA.

83. Defendant fired Plaintiff because she requested an accommodation for her disabilities, in violations of the PHRA.

84. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT IX
### Violations of the PHRA
### (Discrimination on the basis of pregnancy)

85. The foregoing paragraphs are incorporated herein as if set forth in full

86. The PHRA prohibits an employer from discriminating against an employee on the basis of pregnancy.

87. Defendant violated Plaintiff's rights under PHRA by refusing to provide her with an accommodation because of her pregnancy.

88. Defendant violated Plaintiff's rights under PHRA by firing her to prevent her from taking a maternity leave of absence.

89. Defendant violated Plaintiff's rights under PHRA by firing Plaintiff because she was pregnant.

90. Defendant's aforementioned conduct is in violation of Title PHRA and has caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or gender and/or status as a pregnant individual and/or failing to accommodate people with disabilities;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

      F.      Plaintiff's claims are to receive a jury trial.

      Respectfully submitted,

      **SWARTZ SWIDLER, LLC**

      */s/ Manali Arora*
      Manali Arora, Esq.
      9 Tanner Street, Suite 101
      Haddonfield, NJ 08033
      Phone: 856.685.7420
      Fax: 856.685.7417
      marora@swartz-legal.com

Dated: September 12, 2023

**DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.